**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ANTHONY BARILLA** | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Action No.: 4:20-cv-00145** |
| | § | |
| **CITY OF HOUSTON,** | § | **Honorable Judge Vanessa Gilmore** |
| *Defendant.* | § | |

**CITY OF HOUSTON'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT FOR
<u>INJUNCTIVE RELIEF AND NOMINAL DAMAGES</u>**

**TABLE OF CONTENTS**

TABLE OF CITATIONS ...............................................................................................3

I.     NATURE AND STAGE OF THE PROCEEDINGS ..........................................6

II.    STATEMENT OF THE ISSUES..........................................................................6

III.   SUMMARY AND BACKGROUND ...................................................................6

IV.    ARGUMENT AND AUTHORITIES..................................................................9

       A.    BARILLA LACKS STANDING...........................................................9

       B.    DISMISSAL UNDER RULE 12(b)(6) IS APPROPRIATE ................12

       C.    BARILLA'S CLAIM IS BARRED BY THE STATUTE OF
             LIMITATIONS...................................................................................14

       D.    AS A MATTER OF LAW, THE ORDINANCES DO NOT  VIOLATE
             THE FIRST AMENDMENT ...............................................................17

V.     CONCLUSION AND PRAYER FOR RELIEF..................................................22

# TABLE OF CITATIONS

Page(s)

**Cases**

*Anderson v. United States HUD*,
   554 F.3d 525 (5th Cir. 2008) ................................................................. 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................... 2, 7, 8

*Babbitt v. United Farm Workers Nat'l Union*,
   442 U.S. 289 (1979) ...................................................................... 5

*Bell Atlantic v. Twombly*,
   550 U.S. 544 (2007) ...................................................................... 7

*Burrell v. Newsome*,
   883 F.2d 416 (5th Cir. 1989) .............................................................. 10

*Center for Individual Freedom v. Carmouche*,
   449 F.3d 655 (5th Cir. 2006) ............................................................... 5

*Clapper v. Amnesty Int'l USA*,
   568 U.S. 398 (2013) ...................................................................... 5

*Clark v. Community for Creative Non-Violence*,
   468 U.S. 288 (1984) ................................................................. 15, 16

*Crook v. Galaviz*,
   616 Fed.App'x. 747 (5th Cir. 2015) ........................................................ 17

*Frame v. City of Arlington*,
   657 F.3d 215 (5th Cir. 2011) .............................................................. 10

*FW/PBS, Inc. v. City of Dallas*,
   493 U.S. 215 (1990) ...................................................................... 6

*Garrett v. Commonwealth Mortg. Corp.*,
   938 F.2d 591 (5th Cir. 1991) ............................................................... 8

*Grant ex rel. Family Eldercare v. Gilbert*,
   324 F.3d 383 (5th Cir. 2003). .............................................................. 4

*Harris County Texas v. MERSCORP, Inc.*,
   791 F.3d 545 (5th Cir. 2015) .............................................................. 17

*Hollis v. Lynch*,
   827 F.3d 436 (5th Cir. 2016) ............................................................... 8

*Jackson v. Johnson*,
   950 F.2d 263 (5th Cir. 1992) .............................................................. 10

*King-White v. Humble Indep. Sch. Dist.*,
  803 F.3d 754 (5th Cir. 2015) ........................................................ 10

*Kitty Hawk Aircargo, Inc. v. Chao*,
  418 F.3d 453 (5th Cir. 2005) .......................................................... 2

*Kjellvander v. Citicorp*,
  156 F.R.D. 138 (S.D. Tex. 1994) ................................................... 8

*Lavellee v. Listi*,
  611 F.2d 1129 (5th Cir. 1980) ..................................................... 11

*Longoria v. City of Bay City, Texas*,
  779 F.2d 1136 (5th Cir. 1986) ..................................................... 10

*Los Angeles v. Lyons*,
  461 U.S. 95 (1983) ........................................................................ 6

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ...................................................................... 5

*Moore v. Bryant*,
  853 F.3d 245 (5th Cir. 2017) ........................................................ 4

*Moore v. McDonald*,
  30 F.3d 616 (5th Cir. 1994) ........................................................ 10

*Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*,
  512 F.3d 137 (5th Cir. 2007) ........................................................ 7

*Petty v. Portofino Council of Coowners, Inc.*,
  702 F. Supp. 2d 721 (S.D. Tex. 2010) ........................................... 7

*Piotrowski v. City of Houston*,
  237 F.3d 567 (5th Cir. 2001) ................................................. 1, 10

*Piotrowski v. City of Houston*,
  51 F.3d 512 (5th Cir. 1995) ........................................................ 11

*Ramming v. United States*,
  281 F.3d 158 (5th Cir. 2001) ........................................................ 7

*Reyes v. N. Texas Tollway Auth., (NTTA)*,
  861 F.3d 558 (5th Cir. 2017) ...................................................... 17

*Serv. Employees Intern. Union, Local 5 v. City of Houston*,
  595 F.3d 588 (5th Cir. 2010).        6

*Soc'y of Separationists, Inc. v. Herman,*
  959 F.2d 1283 (5th Cir.1992) ................................................... 6

*Spotts v. United States,*
  613 F.3d 559 (5th Cir. 2010) ................................................... 10

*Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill,*
  561 F.3d 377 (5th Cir. 2009) ................................................... 7

*Whitmore v. Arkansas,*
  495 U.S. 149 (1990)................................................................. 5

*Zimmerman v. Austin, Texas,*
  881 F.3d 378 (5th Cir. 2018) ................................................ 5, 6

**Statutes**

TEX. CIV. PRAC. & REM. CODE §16.003 ..................................... 8

TEX. CIV. PRAC. & REM. CODE §16.051 ..................................... 12

TEX. LOC. GOV'T CODE ANN. §51.003 (West) ........................... 12

U.S. CONST. AMEND. I ............................................................... *passim*

U.S. CONST. AMEND. XIV ........................................................... *passim*

**Ordinances**

*Houston, Tex. Code of Ordinances*, ch. 28, art. I, § 6........................ 2, 4, 10

*Houston, Tex. Code of Ordinances*, ch. 40, art. XI, § 262........................3, 4

*Houston, Tex. Code of Ordinances*, ch. 40, art. XI, § 263(3) .................2, 3, 4

*Houston, Tex.* Ordinance 91-1168,  eff. Aug, 20, 1991 ........................10, 15

**Rules**

FED. R. CIV. P. 8(a)(2) ................................................................ 5

FED. R. CIV. P. 12(b)(1) ........................................................ 3, 4, 6

FED. R. CIV. P. 12(b)(6) ...................................................... passim

FED. R. EVID. 201...................................................................... 2

Defendant the City of Houston (the "City" or "Houston") moves to dismiss Plaintiff Anthony Barilla's Complaint for Injunctive Relief and Nominal Damages.

## I.      NATURE AND STAGE OF THE PROCEEDINGS

Barilla filed his Complaint on January 15, 2019, (Dkt. 1). Barilla's single cause of action is alleged under 42 U.S.C. § 1983. He seeks declaratory and permanent injunctive relief against the City, as well as nominal damages of $1.00 and his attorney's fees and costs, for what he contends are impermissible restrictions of his First Amendment rights. Houston now files its Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II.     STATEMENT OF THE ISSUES

1.  Does Barilla have standing to maintain his suit against Houston?

2.  Do Barilla's allegations state a claim for which relief can be granted?

3.  Do Barilla's allegations raise a First Amendment cause of action?

4.  Does the statute of limitations bar Barilla's First Amendment claim?

5.  Does Barilla state a claim for Section 1983 violation or entitlement to attorney's fees?

## III.    SUMMARY AND BACKGROUND

Barilla challenges a group of three City Ordinances as an unconstitutional limitation on his right to make money playing the accordion on City streets and sidewalks—*Houston, Tex. Code of Ordinances*, ch. 28, art. I, § 6 (relating to "bands playing upon the streets or in other public places in the city"); ch. 40, art. XI, § 262 (requiring permits for the sale of food or merchandise, and for certain types of performances, on city sidewalks within a designated area of Downtown Houston);

and ch. 40, art. XI, § 263(3) (permit application for certain performances on Downtown Houston sidewalks must include "the written permission of the abutting fee owner for the use of the site(s)") (collectively, "the Ordinances"). [1]

Chapter 28 of the City's Code of Ordinances, "Miscellaneous Offenses and Provisions" regulates a variety of activities. Within Chapter 28, section 28-6 addresses "the playing of bands upon the streets or in other public places in the city, with a view to taking up a collection from the bystanders by someone, for the benefit of the members composing such band." *Houston, Tex. Code of Ordinances*, ch. 28, art. I, § 6. Bands who seek to make money by performing in city streets and public areas are generally designated a "nuisance," but they may hold such performances within a designated area of Downtown Houston if they obtain a City permit. *Id.*

The requirements for that permit are detailed in a different part of the City's Code of Ordinances, Chapter 40, article XI, "Streets and Sidewalks." Chapter 40 contains thirteen different sections, most with multiple sub-parts, regulating permits for commercial activities such as performing music for money and selling food or merchandise within the designated "theater/entertainment district." *Houston, Tex. Code of Ordinances*, ch. 40, art. XI, § 261, *et seq*. Of

---

[1] The City requests that the Court take judicial notice under Federal Rule of Evidence 201 of the filings from the City of Houston Municipal Ordinances website relating to the ordinances at issue in this case. *See, e.g.,* City of Houston, Code of Ordinances, *available at* https://library.municode.com/tx/houston/codes/code_of_ordinances. Rule 201 allows the Court judicially to notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. FED. R. EVID. 201. The Court must take judicial notice if a party requests it and the court is supplied with the necessary information. *Id.* The United States Court of Appeals for the Fifth Circuit has found that judicial notice under Rule 201 is appropriate for information posted on a government website. *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005).

these multiple sections and subparts, Barilla's Complaint cites only two in particular—section 40-262 and section 40-263(3).

Section 40-262 confirms that a permit is required to sell merchandise or food, or to make money by conducting "sidewalk performances," within Downtown Houston's "theater/entertainment district." *Houston, Tex. Code of Ordinances*, ch. 40, art. XI, § 262. "Performers" are defined as "bands, musicians, singers, mimes, and other artists ***who perform for gratuities*** on the sidewalk without the use of any electronically amplified instruments and without electronic amplification of sound produced." *Id*. at § 261(b)(emphasis added). "Sidewalk" is defined as "that portion of the street right-of-way that is ***improved for pedestrian use***," and the "theater/entertainment district" is "the area including to the mid-point of and bounded by Preston Street on the north, Dallas Street on the south, Milam Street on the east, and Interstate Highway 45 on the west." *Id*. (emphasis added).

Section 40-263 lays out the permit application process, requiring applications to be submitted to the Director of Houston Public Works or her designee and to contain, among other things, "the written permission of the abutting fee owner for the use of the site(s)." *Houston, Tex. Code of Ordinances*, ch. 40, art. XI, § 263(3).

Barilla is a professional musician who wants to play his accordion on Houston's "public streets" while "getting paid to perform" by passersby. Dkt. 1, ¶¶ 1, 5, 16, 17. As his Complaint admits, in 2018, he received a year-long City permit to do so. *Id*. ¶ 18.[2] Barilla chose not to renew his permit in August 2019. *Id*. ¶ 19. Instead, he filed this lawsuit to complain that section 28-6, section 40-262, and section 40-263(3) impermissibly restrict his ability to make money playing

---

[2] *See also* Anthony Barilla, "*Busking in the Streets of Houston*," HOUSTON PRESS, Sept. 17, 2018, referenced in Plaintiff's Complaint at fn. 4.

accordion music on other City streets and sidewalks that he deems more "opportune." *Id.* ¶ 19. Barilla admits that he has never been cited, prosecuted, or fined under the provisions he challenges. Instead, he merely contends he was "dissuaded" from re-applying for a permit because he would be required to obtain written permission from the owners of the businesses or residences in front of which he proposed perform, *Id.* ¶ 19, 20, and because he now deems the area in Downtown Houston that the City has designated for such sidewalk performances too "small." *Id.* ¶ 19, 20.

Barilla has failed to articulate a cognizable case or controversy for this Court to resolve, and he lacks standing to bring his claims. The Ordinances at issue date back over 100 years, with the particular permit provisions he challenges being added in 1991, and his claim is therefore barred by the statute of limitations.

Further, Barilla has failed to articulate a valid facial or as-applied First Amendment challenge. Even assuming the Ordinances apply to him, Barilla's conclusory claims fail to overcome the City's responsibilities to, among other things, protect the safety of all its residents, to regulate traffic, and ensure the quiet enjoyment of property owners and the rights of businesses to be free from unregulated competitors, obstructions of access, or objectionable noise. Barilla is not entitled to the injunctive or declaratory relief he seeks, and he is not entitled to attorney's fees for his claim. Barilla's claims should be dismissed.

## IV.     ARGUMENT AND AUTHORITIES

### A.     BARILLA LACKS STANDING

A party invoking the jurisdiction of a federal court bears the burden of showing that the court has jurisdiction to hear the matter or controversy before it. If a plaintiff lacks Article III standing, then the federal court lacks jurisdiction to hear the complaint. *Grant ex rel. Family Eldercare v. Gilbert*, 324 F.3d 383, 386 (5th Cir. 2003). "The requirement that a litigant have

standing derives from Article III of the Constitution, which confines federal courts to 'adjudicating actual 'cases' and 'controversies.'" *Moore v. Bryant*, 853 F.3d 245, 248 (5th Cir. 2017) (quoting *Henderson v. Stalder*, 287 F.3d 374, 378 (5th Cir. 2002)). "A plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979).

Barilla has not met his burden of establishing the three required elements of Article III standing: (1) an injury in fact, (2) causation, and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To show injury in fact, a plaintiff must demonstrate an injury that is "'concrete,' 'distinct and palpable,' and 'actual or imminent.'" *Id.* (quoting *Whitmore v. Arkansas,* 495 U.S. 149, 155 (1990)).

Not only has Barilla failed to show an injury in fact, he has failed to allege or demonstrate an injury that is "'concrete,' 'distinct and palpable,' and 'actual or imminent.'" *Whitmore,* 495 U.S. at 155. Barilla's Complaint broadly refers to "a fine," and "risk of a fine," but he does not allege that he was ever threatened with a citation or received such a citation. He does not even allege that the City has issued any such citations in the more than 100 years in which the general restriction on bands raising money through performances on City streets and sidewalks has been in effect. Dkt. 1 at ¶¶ 15, 25.

The Fifth Circuit recently held in an analogous case, "to confer standing, allegations of chilled speech or self-censorship must arise from a fear of prosecution that is not 'imaginary or wholly speculative.'" *Zimmerman v. City of Austin, Texas*, 881 F.3d 378, 390 (5th Cir. 2018) (quoting *Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 660 (5th Cir. 2006)); *see also Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013) ("[R]espondents cannot manufacture

standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending"). Nor can standing "be conferred by a ***self-inflicted injury***." *Zimmerman*, 881 F.3d 378, 389 (5th Cir. 2018) (emphasis added) (plaintiff lacked standing where he alleged fear of prosecution, but court found prosecution was "far from an inevitable result").

Barilla does not come close to making the showing required for a First Amendment challenge in the absence of enforcement. *Zimmerman*, 881 F.3d at 391 (noting such a claim requires a plaintiff to "produce evidence of an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by statute," as well as a "credible threat of prosecution"). Barilla lacks Article III standing. *Los Angeles v. Lyons*, 461 U.S. 95, 101–102 (1983) (conjectural or hypothetical harm is an insufficient basis upon which to confer standing); *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230-35 (1990) (alleged illegality of an ordinance alone does not confer standing).

Further, Barilla has failed to show that he is entitled to bring claims on the behalf of others—he makes vague assertions about other musicians, but he has failed to explain how these musicians may be impacted by the provisions at issue, and his allegations are wholly conclusory and speculative. This is not sufficient to assert a claim or show standing to challenge the Ordinances. *Id.*; *see also Serv. Employees Intern. Union, Local 5 v. City of Houston*, 595 F.3d 588, 598 (5th Cir. 2010). Even when a plaintiff mounts a facial First Amendment challenge, "Article III standing retains rigor." *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 754 (5th Cir. 2010). Further, the Ordinances may not even apply to him as they would to other musicians, "bands," or performers. Barilla alleges that he wants to make money on City streets and sidewalks ***as an individual accordion player***, and so it would be inappropriate, if not impossible, for him to speculate as to the various interests and harms of different types of artists and how they would be

impacted by the Ordinances or the alternatives Barilla proposes. *Compare Kenon v. City of South Padre Island*, 452 Fed. App'x 518, 522 (5th Cir. 2011) (rejecting claim for First Amendment violation by plaintiff whose allegations did not come within the limits of the ordinances challenged). Barilla has failed to explain how he or anyone else may have been injured by a specific provision of the Ordinances.

### B. DISMISSAL UNDER RULE 12(b)(6) IS APPROPRIATE

Rule 12(b)(6) mandates dismissal when a plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A motion to dismiss is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A "complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws." *Anderson v. United States HUD*, 554 F.3d 525, 528 (5th Cir. 2008) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). "[D]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) (citation omitted).

The Supreme Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Thus, the plaintiff must "'raise a right to relief above the speculative level.'" *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570). "While legal conclusions can provide

the complaint's framework, they must be supported by factual allegations." *Iqbal* at 1940, quoted in *Petty v. Portofino Council of Coowners, Inc.*, 702 F. Supp. 2d 721 (S.D. Tex. 2010).

Dismissal under Rule 12(b) (6) is proper where the plaintiff fails to allege a cognizable legal theory. *Kjellvander v. Citicorp*, 156 F.R.D. 138, 140 (S.D. Tex. 1994) (citing *Garrett v. Commonwealth Mortg. Corp*., 938 F.2d 591, 594 (5th Cir. 1991)). When reviewing a Rule 12(b)(6) motion, a court must accept factual allegations as true but is not required to accept as true legal conclusions in a complaint. *Iqbal*, 556 U.S. at 678; *Hollis v. Lynch*, 827 F.3d 436, 442 (5th Cir. 2016) (traceability and redressability failed because a Texas statute also barred plaintiff's claim). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

Barilla's claims do not meet this standard. Instead, Barilla's allegations are conclusory and not well-pled. For example, the City is left without an explanation as to why he feels his right to play in public for money has been "chilled," when he simultaneously admits he has been doing exactly that for some time. Further, Barilla fails to support his legal conclusions with specific facts, such as his allegations that the Ordinances are a "busking ban," ¶1, that the Ordinances exclude him from playing for money in "many of Houston's dynamic cultural centers that lend themselves to busking," ¶ 9, that the permit depends on "the whims of a few people," ¶ 14, that he has been subjected to a "Heckler's Veto," ¶ 14, that the Theater District is not "opportune," ¶ 19, that the permit process is "difficult,"[3] ¶ 20, that the Ordinances "draw a distinction between different types

_____

[3] The Court may take judicial notice of the City of Houston's website, which explains the permit application process and provides a telephone number and e-mail address for questions or

of speech," ¶ 32, that the restrictions are "content-based," ¶ 34, 35, that "there is no evidence that busking outside the Theater District would create a traffic hazard," ¶ 36, that the City "restrict[s] speech merely because it does not like it," ¶ 36, that there are "less restrict means" available to the City to achieve the interests at stake, ¶ 37, that the Ordinances amount to a "prior restraint," ¶ 38, 39, that the Ordinances apply to single performers, ¶ 39, that the City is "censoring disfavored speech," ¶ 41, that he has suffered, and "will continue to suffer substantial and irreparable harm." ¶ 42. These are the very type of "bare bones" conclusions, unsupported by factual allegations or legal citations, that Rule 8 and Rule 12 are meant to prevent. The City should not have to guess or speculate about what Barilla's claims might be, or what theories he might plead, and then fill in the facts with its own speculation. Barilla's claims should be dismissed.

## C.    BARILLA'S CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS

Barilla challenges three Ordinances. The oldest is section 28-6, the general prohibition against "bands" making money by performing in City streets and public areas. *Houston, Tex. Code of Ordinances*, ch. 28, art. I, § 6. Barilla himself acknowledges that this Ordinance dates back over 100 years. *See, e.g.,* Anthony Barilla, "*Busking in the Streets of Houston*," HOUSTON PRESS, Sept. 17, 2018, referenced in Plaintiff's Complaint at fn. 4.

In 1991, the City enacted Ordinance 91-1168, stating that the "Theater/Entertainment District" was a "vital core of community activity to further the economic and cultural health and welfare of this City" and that the Ordinance was therefore intended "to provide an enhanced program of pedestrian level activities to promote a vibrant, hospitable, secure and enjoyable

---

assistance. *See, e.g.,* Sidewalk Sales and Performance Permits, Mobility Permits Section, Houston Permitting Center, *available at* https://www.houstonpermittingcenter.org/hpwmp1003.

atmosphere to attract Houstonians downtown." *See Houston, Tex.* Ordinance 91-1168, effective Aug, 20, 1991. Through Ordinance 91-1168, the City revised section 28-6 to allow bands to perform for money on City streets and sidewalks, so long as the performances occurred within the Theater/Entertainment District and with a permit. *Id.* At the same time, the accompanying performance and vendor permit requirements were added to Chapter 40. *Id.*

Barilla did not file this lawsuit until January 15, 2020. (Dkt. 1). The law is well-settled that granting a motion to dismiss is appropriate where "it is clear from the face of a complaint … that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (district court may dismiss a complaint *sua sponte* where the claims are barred by limitations); *see also Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011) (statute of limitations defense is properly addressed at the 12(b)(6) stage where the "allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations …").

Because there is no specified federal statute of limitations for Section 1983 claims, federal courts look to the forum state's general personal injury limitations period. *See Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989); *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 760 (5th Cir. 2015). "Although Texas law governs the limitations period and the tolling exceptions, federal law governs when a cause of action arises." *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992) (citing *Burrell*, 883 F.2d at 418). "Under federal law, a claim accrues and 'the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Spotts v. United States*, 613 F.3d 559, 574 (5th Cir. 2010) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 576) (5th Cir. 2001). Injury is a prerequisite to Barilla's challenge to the Ordinances under Section 1983 and the cause

of action on a claim accrues when the injured party knows, or has reason to know, of the injury which forms the basis for the action. *See, e.g., Longoria v. City of Bay City, Texas*, 779 F.2d 1136, 1138 (5th Cir. 1986).

The two-year limitations period in TEX. CIV. PRAC. & REM. CODE §16.003 applies to Barilla's freedom of speech claim under Section 1983. *Piotrowski v. City of Houston*, 51 F.3d 512, 515 n.5 (5th Cir. 1995); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). The two-year period following the date the Ordinances were revised to add the permit provisions at issue expired in August 1993.[4] Similarly, the residual four-year statute of limitations period expired by August 1997. TEX. CIV. PRAC. & REM. CODE § 16.051. Barilla did not file suit until January 15, 2020. (Dkt. 1).

Further, the Texas Local Government Code provides that municipal acts or proceedings are conclusively presumed valid if not challenged within three years. *See* Tex. Loc. Gov't Code § 51.003(a). By the time Barilla filed this lawsuit in January 2020, all of the Ordinances were conclusively valid.

Barilla's Complaint alleged that he is a professional musician in Houston, referred to his established professional credentials in the Houston music community, and admitted that he applied for a performance permit before August 2018. "The statute of limitations ... begins to run when the plaintiff is aware of the "critical facts that he has been hurt and who has inflicted the injury." *Lavellee v. Listi,* 611 F.2d 1129, 1131 (5th Cir. 1980). Barilla had sufficient information to know

---

[4] Some parts of Chapter 40 received minor amendments in following years, such as when as the name of the Department of Public Works was changed and the definition of "Director" within Chapter 40 received minor corrections. To the extent these minor corrections matter here, Barilla's claims are past the two-year period of these corrections as well.

of his alleged injury over two years ago. It should have been "apparent to a reasonably prudent person similarly situated" that waiting until January 2020 to file his claim would be too long.

The City respectfully requests that Barilla's untimely First Amendment challenge be dismissed.

### D.   AS   A   MATTER   OF   LAW,   THE   ORDINANCES   DO   NOT VIOLATE THE FIRST AMENDMENT

Further, Barilla fails to state a claim because the Ordinances do not violate the First Amendment. Barilla asserts two types of constitutional challenges to the Ordinances—a facial challenge to the Ordinances as a whole and an as-applied challenge—seeking declaratory judgment, damages, and injunctive relief. Neither is sufficiently pled to enable him to proceed.

 "A facial challenge is an attack on a statute itself as opposed to a particular application." *City of Los Angeles v. Patel*, --- U.S. ---, 135 S.Ct. 2443, 2449 (2015). In order to successfully mount a facial challenge to the Ordinances as a whole, Barilla must establish that no set of circumstances exists under which that statute would be valid. *United States v. Salerno*, 481 U.S. 739, 745 (1987). Barilla has not even attempted to make this difficult showing. And Barilla's as-applied challenge also must fail because he has failed to tie any harms to the particular language of the Ordinances, and to the facts, and because the Ordinances are reasonable and appropriate restrictions given the important balancing of the interests at stake. *Ward v. Rock Against Racism*, 491 U.S. 781, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989).

"Regulations of the use of a public forum that ensure the safety and convenience of the people are not 'inconsistent with civil liberties but … [are] one of the means of safeguarding the good order upon which [civil liberties] ultimately depend." *Thomas v. Chicago Park Dist*., 534 U.S. 316, 323 (2002) (citing *Cox v. New Hampshire*, 312 U.S. 569, 574 (1941)). A municipality is well within its powers when it regulates expressive conduct in a public forum to protect public

health, safety, or welfare. *Serv. Employees Intern. Union, Local 5 v. City of Houston*, 595 F.3d 588, 596-98 (5th Cir. 2010) (confirming, "protecting the public from excessive noise is a significant government interest."). And traffic and pedestrian safety qualifies as a "compelling" government interest. *See, e.g., McLaughlin v. Lowell*, 140 F. Supp. 3d 177, 190-91 (D. Mass. 2015); *Int'l Soc. for Krishna Consciousness of New Orleans, Inc. v. City of Baton Rouge*, 876 F.2d 494, 497 (5th Cir. 1989). It is beyond dispute that cities may regulate the solicitation of passersby from the sidewalks to protect drivers, pedestrians, and those who are doing the soliciting. *Id.*; *e.g., Gbalazeh v. City of Dallas, Texas*, 3:18-CV-0076-N, 2019 WL 1569345, at *2 (N.D. Tex. Apr. 11, 2019) ("If successful, the solicitation ***necessarily*** draws either the solicitor to the road, or the driver to the sidewalk. A vivid imagination is not required to see how this behavior could impede the free and safe flow of traffic. An ordinance banning roadside solicitation seems to be a completely reasonable way to address that danger.")(emphasis added). As other courts have acknowledged, "***Successful street performances draw crowds,*** and even unsuccessful ones pose as obstacles to or cause alterations in the natural flow of pedestrian traffic." *Peck v. City of Las Vegas*, 2:15-CV-02070JADPAL, 2016 WL 4697339, at *7 (D. Nev. Sept. 6, 2016).

Barilla is essentially asking to use City rights-of-way to make his living. While this Court (and the City) must give a great deal of weight to a person's First Amendment interests, the City also a number of other interests Barilla fails to consider. The City "has a significant interest in protecting against damage to public property and liability for personal injury." *Black Heritage Soc'y v. City of Houston*, CV H-07-0052, 2007 WL 9770639, at *15 (S.D. Tex. Dec. 4, 2007) (citing *Wilson ex rel. U.S. Nationalist Party v. Castle*, Civ. A. No. 93-3002, 1993 WL 276959, at *3 (E.D. Pa. July 15, 1993); and *E. Conn. Citizens Group v. Powers*, 723 F.2d 1050, 1056 (2d Cir.

1983) (holding that "the state has a legitimate interest in protecting itself from liability for injuries associated with the use of its property")).

And Barilla wholly fails to account for the interests of nearby property owners, who he dismisses as "Hecklers." The Supreme Court has recognized the concern the City must have for nearby residents and business owners, who are not simply free to get up and walk away from the speech (or music) of others—"[O]ur cases have repeatedly recognized the interests of unwilling listeners in situations where 'the degree of captivity makes it impractical for the unwilling viewer or auditor to avoid exposure.'" *Hill v. Colorado*, 530 U.S. 703, 718, 120 S. Ct. 2480, 2490, 147 L. Ed. 2d 597 (2000). The City appropriately balances such interests against the interest of performers and vendors to make their living by only requiring that the "abutting" owners of the property where these performers or vendors wish to operate operate—thereby blocking access, making noise, disrupting the general peace—must give permission for the permit.

The Ordinances at issue are content-neutral regulations that appropriately govern the "time, place, and manner" of playing music for money on City streets and sidewalks. They are limited to a particular kind of commercial activity that competes with and interferes with the uses to which the City's property was dedicated—moving people and vehicles on the City's rights-of-way. And they are designed to protect the rights of adjacent property owners—not random hecklers—from interference with their own business interests or being subjected, as "captives" to unwelcome activities of others conducted for profit.

Finally Barilla's allegations of improper restraint of his First Amendment rights are belied by the plain language of the Ordinances, which show that musicians may perform for free, or without asking for cash, in a multitude of public places, and that they may perform while asking for cash in an area that the City has designated with the purpose of encouraging "pedestrian level

activities to promote a vibrant, hospitable, secure and enjoyable atmosphere to attract Houstonians downtown." *See* City of Houston, Tex. Ordinance 91-1168. The Ordinances leave open a variety of other ways in which Barilla can raise money by his music, including but not limited to informing passersby about his website, suggesting they subscribe to his podcast or YouTube channel, asking them to purchase his music online, or asking them to attend upcoming concerts for which he will be compensated.

Ordinance 91-1168 and the recitals therein show that the City revised its Ordinances to encourage, not disrupt, the safe development of the exact type of arts-friendly community Barilla now wants to roam freely in search of. To respond to the challenges posed to pedestrians and performers alike by Houston's unique climate and geography, the City enacted Ordinance 91-1168 and designated the Theater/Entertainment District as the area to channel pedestrian traffic, sidewalk performances by professional artists and musicians, and street merchants. *Id*. The area covers most of Downtown Houston, including Bayou Place, Jones Hall, the Hobby Center, and the Wortham, numerous bars and cafes, condos and high-rise apartments, and a number of other street-level attractions. As this Court is well aware, Houston's climate and culture make it "[u]nlike many other cities, where foot traffic is almost exclusively at street level," and Houstonians have a noted tendency to congregate in areas indoors, or even underground, to "avoid the heat of the summer, traffic, and inclement weather." *E.g., Lauder, Inc. v. City of Houston, Texas*, 751 F. Supp. 2d 920, 940–41 (S.D. Tex. 2010), aff'd sub nom. *Lauder, Inc. v. City of Houston, Tex.*, 670 F.3d 664 (5th Cir. 2012) (upholding City Ordinance regulating newsracks on sidewalks, and noting the abundance of alternatives to public streets and sidewalks within the City that allowed pedestrian interaction "besides placing newsracks on the public rights-of-way"). The City appropriately balanced these concerns, and Barilla's claims lack merit and should be dismissed.

E.  **BARILLA FAILS TO STATE A CLAIM FOR SECTION 1983 VIOLATION, AND IS NOT ENTITLED TO INJUNCTIVE RELIEF, DECLARATORY RELIEF, OR ATTORNEY'S FEES.**

Because Barilla's Section 1983 claim and the injunctive and declaratory relief he requests are dependent on his constitutional claims, they likewise must be dismissed. "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citations omitted). Barilla's Section 1983 claim cannot stand without the constitutional claim. And, without making a colorable Section 1983 claim, Barilla is not entitled to attorney's fees or costs. *Id*. at 275. Barilla does not allege any facts sufficient to state the required elements of a Section 1983 claim and his claim must be dismissed under Rule 12(b)(6).

Barilla's request for injunctive and declaratory relief should also be dismissed, because he has not shown himself entitled to either. Barilla does not explain how he could be entitled to the broad injunctive relief he seeks on the facts alleged.

To be entitled to a permanent injunction, a plaintiff must demonstrate: (1) that he has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (citations omitted). As shown above, Barilla fails to allege that he suffered such irreparable injury. Moreover, Barilla failed to allege facts that would be sufficient to show that the public interest would *not be disserved* by such a permanent injunction against enforcement of the City's Ordinances. Nor is he entitled to declaratory relief—the Declaratory Judgments Act does not create an independent cause of action. These claims are not freestanding; they must be supported by some

underlying cause of action. *Reyes v. N. Texas Tollway Auth., (NTTA)*, 861 F.3d 558, 565 n. 9 (5th Cir. 2017) (citing *Harris County Texas v. MERSCORP, Inc*., 791 F.3d 545, 552 (5th Cir. 2015) ("[T]he Declaratory Judgment Act alone does not create a federal cause of action."); *Crook v. Galaviz*, 616 Fed. App'x. 747, 753 (5th Cir. 2015) ("As an injunction is a remedy that must be supported by an underlying cause of action, the failure of [ ] constitutional and common law claims also warrants the dismissal of [a] claim.").

## V.    CONCLUSION AND PRAYER FOR RELIEF

Barilla lacks standing, his claims are barred by the statutes of limitations, he has failed to raise a valid challenge to the City's Ordinances under the First Amendment or state a colorable claim under 42 U.S.C. § 1983, he is not entitled to the injunctive or declarative relief he seeks, and he has failed to state a claim that would entitle him to his attorney's fees.

For the reasons stated above, Houston respectfully requests that Barilla's claims be dismissed pursuant to Rule 12(b)(6).

**RONALD C. LEWIS**
**City Attorney**

By:      *s/ Rachel H. Stinson*
Rachel H. Stinson
Sr. Assistant City Attorney
ATTORNEY-IN-CHARGE
Federal Id. No.: 38232
Texas Bar No.: 24037347
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, Texas 77002
832.393.6466 – Telephone
832.393.6259 – Facsimile
rachel.stinson@houstontx.gov

Suzanne R. Chauvin
Sr. Assistant City Attorney
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor

CITY OF HOUSTON'S MOTION TO DISMISS                                    22

Houston, Texas 77002
Federal Id. No.: 14512
Texas Bar No. 04160600
832.393.6219 – Telephone
832.393.6259 – Facsimile
suzanne.chauvin@houstontx.gov

**Attorneys for Defendant, City of Houston**

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2020, I served all the attorneys of record with a true and correct copy of the foregoing document in accordance with *Rule 5(b) of the Federal Rules of Civil Procedure*.

Mollie R. Williams
mwilliams@pacificlegal.org
Anastaia Boden
aboden@pacificlegal.org

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, California 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7477

**Attorneys for Plaintiff, Anthony Barilla**

*s/ Rachel H. Stinson*
Rachel H. Stinson

CITY OF HOUSTON'S MOTION TO DISMISS                                   23